Leonard R. Berman
9220 SW Barbur Bad., Suite 119 Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFF</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MICHAEL BORTON, | Case No.: 6-24-CV-204 |
| Plaintiff, | COMPLAINT ( 42 U.S.C. § 1983) |
| | **Civil Rights Action (42 U.S.C. §§ 1983, 1985), Violation of Fourteenth Amendment, First Amendment, Professional Negligence, Battery Intentional and Negligent Infliction of Emotional Distress** |
| | **Jury Trial Demanded** |
| v. | |
| DELORES MATTEUCCI, Personally, OREGON STATE HOSPITAL, ADAM GIBLIN, Personally, PATRICK ALLEN, Personally, LINDSEY SANDE, RN Personally, | |
| OREGON HEALTH AUTHORITY, | |
| JOHN DOES 1-5, Personally, | |
| JANE DOES 1-5, Personally, | |
| KAREN BROOKS, M.D., Personally, | |
| LAURIE LEWIS, RN, Personally, | |

1 COMPLAINT

DENNIS ALBEE, Personally,
DANIEL PASCUAL, RN, Personally,

                Defendants.      :
                                                       :

## INTRODUCTION

1. This is plaintiff Michael Borton's complaint for civil rights violations and claims for professional negligence against a nurse practitioner, a registered nurse manager, their superiors, and the Oregon Health Authority (OHA), security staff, mental health staff. Defendants were responsible for Mr. Borton's care while he was a patient at the Oregon State Hospital (OSH). Mr. Borton was a vulnerable person who had been committed as guilty except for insane for a five-year term under the jurisdiction of the Psychiatric Security Review Board (PSRB). The defendants violated Mr. Borton's civil rights, First Amendment rights , and failed in their professional obligations to provide competent, adequate, and professional care to Mr. Borton. The defendants failed to provide adequate supervision, training, and safeguards to protect Mr. Borton when he relied upon them for her care and wellbeing.

.                                  **JURISDICTION**

2. This court has jurisdiction over the subject matter of the federal civil rights claim under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

3. This court has supplemental jurisdiction over the subject matter of the state law claims for release under 28 USC § 1367.

## VENUE

4. Venue is proper within the District of Oregon because all of the events giving rise to these claims occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred at the Oregon State Hospital Facilities in Salem, Marion County.

## PARTIES

**5.** Plaintiff, Mr. Borton, is a resident of Lane County, in the State of Oregon.

2  COMPLAINT

6. Patrick Allen, OHA Director was employed by and an agent of the State of Oregon and the OSH. Giblin is the policymaker for OSH policy governing security staff. Each of the acts and omissions of persons alleged herein were taken under color of state law and within the scope of their official duties as employees and officers of the State of Oregon. At all times mentioned herein, Defendant Dolores Matteucci, was the superintendent of the Oregon State Hospital (OSH). She is ultimately responsible for the care, treatment and safety of patients housed at OSH. As a part of her duties, she reviewed any complaint of misconduct made against any employee of OSH. She is sued here for civil rights violations and negligence in her individual capacity and under color of state law.

7. At all relevant times, Lindsey Sande was the Deputy Chief Nursing Officer at OSH. Her duty was to supervise and manage employees. . At all times mentioned herein, Lewis and Pascual were employed by OSH and licensed in the State of Oregon. Their duty was to provide professionally competent medical care to the patients at OSH, including Mr. Borton. is sued for the civil rights violations in her individual capacity and under the color of state law. John and Jane Does 1-12 are the technicians and security staff involved that were not disclosed by the state after diligent inquiry. Karen Brooks, MD, authorized and supervised the restraints and seclusion. The incident report lists "Security 66, 67, 68." KAIR, Daniel Pascual, Laurie Lewis, RN participated in the restraint and takedown. Dennis Albee, Mental Health Technician (MHT) was instrumental in instigating and conducting the restraints and takedown.

8. At all material times, Defendant OSH was the primary public psychiatric hospital in the State of Oregon. OSH has locations in Salem, Marion County, Oregon and in Junction City, Lane County, Oregon. OSH is responsible for housing, psychiatrically treating, and ensuring the safety and security of all patients committed to its care and is managed under the authority of the OHA.

**TORT CLAIMS NOTICES**

9. Mr. Borton timely sent tort claim notices regarding the state law actions in this case on July

3  COMPLAINT

19, 2022 . which the department of administrative services acknowledged and denied.

**FACTUAL ALLEGATIONS**

10. Mr. Borton resided in the OSH for four years. He was admitted May 29, 2018  was released 7-27-22

11. In 2017, Mr. Borton was found Guilty Except for Insanity (GEI) for the crime of  Kidnapping X2,  which he disputes to this day. As a result of this finding, Mr. Borton was placed under the jurisdiction of the PSRB for five years. In 2018,  Mr. Borton  was admitted to the OSH Salem campus. He was released in 2022.

12. On February 3, 2022, he was standing    near his bed with his journal and pen in hand in his room, and threw both journal and pen at a wall,  as a large black male, John Doe 1 (JD1)  6 feet / 300lbs rushed towards him.  No alternatives were offered before restraint and seclusion. JD1 hurt his right arm and elbow, and it still hurts now. Security wrenched on it.  JD1 said "Quit resisting." He was restrained on all four limbs, with two to three staff on each limb. They had him. He wasn't getting away and there was no need to cause pain.  On both arms, pressure points were  targeted, as they  tried to bend his elbows back causing tremendous pain. Two to three security guards were on both his arms,  while he was face down on the bed. An additional two security guards were on each leg.  Everyone wore PPE for a lockdown for an investigation of a possible patient with COVID. It took approximately ten minutes to get him on the Stryker board and then on the gurney,  down the hall through the common area to the side room where he was transferred from gurney,  then to the Stryker, then to the bed.  He remained restrained for hours.  Nurses and the music therapy director came and went. There was no loosening of restraints for the entire time he was in the side room. Assessments department left him there for close to eight hours. Every time Nurses assessed him to let him out, supervisors  declined.  He said there was no reason to put hands on him and restraints on him, he didn't do anything.  His treatment plan says "disengage." He always calmed down when they previously disengaged.  He never hurt anyone before, he was alone in his room, and posed no imminent harm to himself or anyone.

13. .Plaintiff was attacked and abused by family and friends his entire life. This caused PTSD.  This was retaliation and abuse.

4  COMPLAINT

14. On June 23, 2022, Borton was denied wrongfully a visit with undersigned legal counsel including access to legal papers.

15. According to plaintiff, psychiatric patients routinely swore, cursed, threatened and yelled, some almost 24/7 and were not restrained. Only when a patient charged at staff or patients in a common area, were they restrained or put in seclusion. The restraint and seclusion policy was implemented selectively and punitively.

16. OSH has a policy of reckless indifference to known or suspected \ and patient abuses that is perpetuated by OSH superintendent Dolores Matteucci and nursing supervisors like Defendant Lindsey Sande. OSH and the defendants created a climate that condoned the physical abuse of patients by staff members. Staff know that OSH will not investigate reports of abuse by patients and there is a culture of retaliation when abuse reports are made. Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust her treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## FIRST CAUSE OF ACTION

j

**(Professional Negligence – Against Brooks, Byers, Sande, Lewis, Pascual)**

17. OHA employed as a psychiatric nurse Byers, Sande, Lewis nd Pascual , and MD Brooks at the OSH at all relevant times. Plaintiff was a psychiatric patient in defendant's care, and he was a vulnerable person as defined by ORS 430.735. As such, defendants owed plaintiff a duty to provide him with therapeutic mental health and medical care and to protect him from abuse.

18. Defendant's employee breached that duty of care by abusing plaintiff, in a wrongful restraint and seclusion for seven hours.

19. But for defendant's employee's conduct, plaintiff would not have been harmed and suffered his damages.

20. Defendant's employee's conduct fell below the standard of care of medical staff in the State of Oregon.

21. Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust his treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## SECOND CAUSE OF ACTION
### (Negligent and Intentional Infliction of Emotional Distress – Against All Defendants)

22. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1- 21 above.

23. Mr. Borton having been found GEI was confined by the court to the care of defendants for treatment of his psychiatric illness. He was a vulnerable person who was entitled to special protections as a vulnerable person under Oregon Revised Statute 430.735. Defendants owed Mr. Borton a heightened duty of care to protect him from emotional and psychological harm due to his confinement, due to their special relationship as his treating psychiatric medical providers, and because of the insight into his vulnerabilities gained from this relationship.

24. The intentional and negligent conduct of defendants infringed on the following legally protected interests held by Mr. Borton:

a. A patient's right to receive treatment free arbitrary and capricious restraints, battery and seclusion.

   i.

## THIRD CAUSE OF ACTION

### (Negligent Supervision of Defendants – Against the OHA, Lindsey Sande and Dolores Matteucci)

25. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1-24 above.

26. Defendant's employees owed a duty to Ms. Davidoff to exercise reasonable care in the supervision of its employees.

27. Defendant's employees, including Dolores Matteucci and Lindsey Sande, placed defendant Herne in a position where it was reasonably foreseeable that he could injure a patient in plaintiff's circumstances then breached that duty to by failing to properly supervise medical defendants in the following ways:

   a. In failing to provide sufficient security for patients, including Mr. Borton,
   b. In failing to train and supervise its employees,
   c. In failing to employ cameras in its supervision of its employees,

6  COMPLAINT

d. In failing to view cameras in its supervision of its employees,

e. In maintaining policies that failed to protect patients including Mr. Borton, from abuse, wrongful restraint and seclusion,

f. In failing to investigate claims of misconduct.

28. As a result of this breach of Defendant's duty to Mr. Borton, he suffered severe emotional distress in the form of shame, guilt, inability to trust his treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## FOURTH CAUSE OF ACTION
### (Battery - Against All Defendants )

29. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1- 28 above.

30. At all times relevant, defendants were acting within the scope and course of their employment with the OHA. Defendant Herne acted with the intent to cause offensive contact with Mr. Borton and their action and/or inactions directly caused offensive contact with Mr. Borton.

31. Defendants were able to engage in such activity because of the power and position given to them by the OHA and Defendant Matteucci, et al and negligent lack of oversight. Mr. Borton was unable to consent to such contact.

32. As a result of defendant's breach, Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust her treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## FIFTH CAUSE OF ACTION
**(42 U.S.C. § 1983 Civil Rights Action for Violation of Plaintiff's 14th Amendment Rights Against Due Process Right to Liberty – Against all Defendants)**

33. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1- 32 above.

34. At all times material to this complaint, Defendants acted or purported to act in their individual capacities to perform official duties under color of state law, ordinances, or regulations. Defendants were employees of OSH, which is controlled by the Department of Human Services (DHS).

35. Mr. Borton had a liberty interest in his bodily integrity, personal security, and freedom from battery, restraint, seclusion and abuse. Mr. Borton also had a liberty interest to therapeutic care as a vulnerable person deemed Guilty Except for Insanity.

7   COMPLAINT

36. Defendants, acting under color of state law, violated Mr. Borton's substantive due process rights protected by the Fourteenth Amendment of the United States Constitution when they deprived Mr. Borton of his bodily integrity, interfered with his therapeutic mental health care as described in the paragraphs above, when Mr. Borton was in functional and involuntary custody of the OSH.

37. As a result of this civil rights violation, Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust his treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## SIXTH CAUSE OF ACTION

**(42 U.S.C. § 1983 Civil Rights Action for Violation of Plaintiff's 1st Amendment Rights to Free Speech – Against all Defendants)**

## FIRST CLAIM FOR RELIEF

38. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1- 37 above.

39.  At all times material to this complaint, Defendants acted or purported to act in their individual capacities to perform official duties under color of state law, ordinances, or regulations. Defendants were employees of OSH, which is controlled by the Department of Human Services (DHS).

40. Mr. Borton had a liberty interest in his free speech rights to yell, scream, rant and rave and even threaten, closed in his room with no means to harm anyone, and maintain his bodily integrity, personal security, and freedom from battery, restraint, seclusion and abuse. The abuse was meant to chill, dissuade and silence his speech in violation of the First Amendment.

41. Defendants, acting under color of state law, violated Mr. Borton's substantive due process rights protected by the Fourteenth Amendment of the United States Constitution when they deprived Mr. Borton of his bodily integrity, interfered with his therapeutic mental health care as described in the paragraphs above, when Mr. Borton was in functional and involuntary custody of the OSH.

42. As a result of this civil rights violation, Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust his treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described

above.

## SECOND CLAIM FOR RELIEF

43. Mr. Borton realleges and incorporates by reference the allegations in Paragraphs 1- 42 above.

44. At all times material to this complaint, Defendants acted or purported to act in their individual capacities to perform official duties under color of state law, ordinances, or regulations. Defendants were employees of OSH, which is controlled by the Department of Human Services (DHS).

45. Mr. Borton had a liberty interest in his free speech rights to yell, scream, rant and rave and even threaten, closed in his room with no means to harm anyone, and maintain his bodily integrity, personal security, and freedom from battery, restraint, seclusion and abuse. The abuse was meant to chill, dissuade and silence his speech in violation of the First Amenment.

46. Defendants, acting under color of state law, violated Mr. Borton's substantive due process rights protected by the Fourteenth Amendment of the United States Constitution when they deprived Mr. Borton of his bodily integrity, interfered with his therapeutic mental health care as described in the paragraphs above, when Mr. Borton was in functional and involuntary custody of the OSH.

47. As a result of this civil rights violation, Mr. Borton suffered severe emotional distress in the form of shame, guilt, inability to trust his treatment team, treatment delays, and an inability to engage therapeutically with the treatment due to stress associated with the events described above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:
   a. For judgment in favor of plaintiff against defendants for economic and noneconomic damages for each Constitutional violation in an amount to be proven at trial.
   b. For costs and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.
   c. For such other and further relief as may appear just, equitable, and

appropriate.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**DATED** this 30th<sub>st</sub> day of January, 2024.

*Respectfully Submitted,*

<u>S//S Leonard R. Berman</u>

*Leonard Berman*, OSB #96040

Attorney for Plaintiff

10  COMPLAINT