UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL BORTON, | Case No. 6:24-cv-00204-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DELORES MATTEUCCI, OREGON HEALTH AUTHORITY, OREGON STATE HOSPITAL, ADAM GIBLIN, PATRICK ALLEN, LINDSEY SANDE, JOHN DOES, JANE DOES, KAREN BROOKS, LAURIE LEWIS, DENNIS ALBEE, and DANIEL PASCUAL, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Plaintiff Borton ("Plaintiff") brought this action against Defendants Matteucci, Giblin, Allen, Sande, Brooks, Lewis, Albee, Pascual, Oregon Health Authority, Oregon State Hospital, John Does, and Jane Does ("Defendants"), alleging negligence, intentional infliction of emotional distress, battery, and Section 1983 violations. ECF No. 1. Defendants seek dismissal for Plaintiff's failure to prosecute this action pursuant to Fed. R. Civ. P. 41(b). Plaintiff did not respond to this motion. For the reasons stated below, Defendants' Joint Motion to Dismiss for Lack of Prosecution (ECF No. 18) is GRANTED.

Page 1 — OPINION AND ORDER

## BACKGROUND

Plaintiff filed this lawsuit on January 31, 2024. ECF No. 1. Defendants served Plaintiff, through counsel, with requests for production on April 5, 2024, and May 1, 2024, but Plaintiff failed to provide the discovery within the 30-day deadline. Schroer Decl. ¶ 3-4, ECF No. 19. On June 7, 2024, after counsel for Defendant Brooks followed up with Plaintiff's counsel, Plaintiff emailed Defendants stating that an "Omnibus Response to [the Request for Production]" was attached, along with a grievance from March 19, 2020. Schroer Decl. Ex. 2 at 1. However, the response was not attached. Schroer Decl. ¶ 4. On June 10, 2024, Plaintiff's counsel apologized and stated that he would "resend by tomorrow." Schroer Decl. Ex. 2 at 1. Plaintiff's counsel did not resend the response, and no other discovery has been produced since. Schroer Decl. ¶ 5.

On June 21, 2024, Plaintiff's counsel moved to withdraw, ECF No. 13, which the Court granted on June 25, 2024. ECF No. 15. The Court gave Plaintiff ninety days to retain new counsel and set a telephone conference for that 90-day date, September 24, 2024. ECF No. 15. The Court Clerk mailed Plaintiff a notice regarding the order on the motion to withdraw and the date and time for the telephone conference. ECF No. 16. On September 24, 2024, Plaintiff failed to appear for the telephone conference. ECF No. 17.

On October 1, 2024, Defendants mailed Plaintiff a letter with their proposed motion to dismiss and an invitation for conferral. Schroer Decl. ¶ 10. Plaintiff did not respond to the letter, nor has Plaintiff been in contact with Defendants since his counsel withdrew. Schroer Decl. ¶ 10. On October 24, 2024, Defendants filed a Joint Motion to Dismiss for Lack of Prosecution. *See* ECF No. 18. As of the date of this Opinion and Order, the docket reflects that Plaintiff has failed to file a response to the motion. *See* Docket, Case No. 6:24-cv-00204-MK.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) allows for dismissal of an action for failure to prosecute. A dismissal for failure to prosecute may be ordered by the Court's own motion, or upon motion by an adverse party. See *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In determining whether to dismiss for failure to prosecute or comply with a court order, the Court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate in this case for the following reasons.

The public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor dismissal. See *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ."). The docket reflects that Plaintiff has taken no action in this case since his counsel withdrew on June 21, 2024. Plaintiff's failure to engage in this case for over five months—in addition to the period of non-compliance with discovery even before Plaintiff's counsel withdrew—have impeded expeditious resolution of this case and interfered with the Court's docket management. Thus, the first two factors favor dismissal.

As to the third factor, "[t]o prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* Plaintiff's failure to prosecute the case impairs Defendants' rights to a decision in this case. Given that Plaintiff failed to appear for a scheduled Court hearing, failed to respond to Defendants' motion, failed to provide discovery, and has "offered no clear

explanations of what actions he . . . took during the relevant time period[],"  *Id.* at 643, the third factor weighs in favor of dismissal.

With respect to the availability of less drastic alternatives, no alternatives less drastic than dismissal present realistic options, as Plaintiff has supplied no excuse for failing to appear, respond to discovery, or otherwise engage with the Court or opposing counsel. However, although Defendants seek dismissal with prejudice, the Court finds that dismissal without prejudice is more appropriate in light of Plaintiff's self-represented status. This also represents a less drastic alternative than dismissal with prejudice. Accordingly, the fourth factor also weighs in favor of dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

Finally, "[p]ublic policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only weakly because Plaintiff's failure to prosecute severely impairs disposition on the merits. *See United States ex rel. Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053–54 (D. Or. 2011). Importantly, the fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

In sum, although public policy favors disposition on the merits, Plaintiff's failure to prosecute this case has obstructed the Court's ability to reach the merits. All other factors weigh in favor of dismissal.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss (ECF No. 18) is GRANTED and this action is dismissed without prejudice for failure to prosecute.

DATED this 27th day of November 2024.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States District Judge